UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID A. WEST, SR., | |
| Plaintiff, | CIVIL ACTION NO. 3:21-cv-01350 |
| v. | (SAPORITO, M.J.) |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

# MEMORANDUM

In this matter, the plaintiff, David A. West, Sr. seeks judicial review of the final decision of the Commissioner of Social Security denying his claim for disability insurance benefits, pursuant to 42 U.S.C. § 405(g). The matter has been referred to the undersigned United States magistrate judge on consent of the parties, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

### I. BACKGROUND

On February 14, 2019, West filed a claim for disability insurance benefits, asserting a disability onset date of February 5, 2018. His claim was initially denied by state agency reviewers on April 15, 2019. The plaintiff then requested an administrative hearing.

An initial administrative hearing was subsequently held on January 31, 2020, before an administrative law judge, Daniel Balutis (the "ALJ"). The only witness who testified at that initial hearing was West himself. A vocational expert was in attendance but did not testify. The plaintiff was represented by counsel at the hearing, which was continued by the ALJ to permit West to be examined by a consultative examining optometrist.

A supplemental administrative hearing was held on November 3, 2020, before the same ALJ. In addition to the plaintiff himself, the ALJ received testimony from a consultative examining optometrist who had recently examined West, David Evans, D.O., and from an impartial vocational expert, Karen Kane. The plaintiff was again represented by counsel at this second hearing.

On November 19, 2020, the ALJ denied West's application for benefits in a written decision. The ALJ followed the familiar five-step sequential evaluation process in determining that West was not disabled under the Social Security Act. *See generally Myers v. Berryhill*, 373 F. Supp. 3d 528, 534 (M.D. Pa. 2019) (describing the five-step sequential evaluation process). At step one, the ALJ found that West had not

engaged in substantial gainful activity during the period from his alleged onset date of February 5, 2018, through his date of last insured, September 30, 2018.

At step two, the ALJ found that West had the severe impairments of: unspecified bilateral corneal neovascularization; aphakia; hypermetropia; and nystagmus. The ALJ considered West's other medically determinable impairments, finding them non-severe.

At step three, the ALJ found that West did not have an impairment or combination of impairments that meets or medically equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Between steps three and four of the sequential-evaluation process, the ALJ assessed West's residual functional capacity ("RFC"). *See generally Myers*, 373 F. Supp. 3d at 534 n.4 (defining RFC). After evaluating the relevant evidence of record, the ALJ found that West had the RFC to perform the full range of work at all exertional levels, *see* 20 C.F.R. § 404.1567, but with the following non-exertional limitations:

> The claimant could frequently balance, stoop, and crouch, but the claimant could never climb ladders, ropes, or scaffolds, and could only occasionally climb ramps and stairs, kneel, and crawl. The claimant must

> avoid all exposure to unprotected heights and moving mechanical parts, but could occasionally operate a motor vehicle. The claimant is able to avoid ordinary hazards in the workplace, such as boxes on the floor, doors ajar, or approaching people and vehicles. The claimant is unable to read small print, ordinary newspaper print, or book print, or view a computer screen. The claimant is unable to discern differences in shape and color of small objects.

(Tr. 21.)

In making these factual findings regarding West's RFC, the ALJ considered his symptoms and the extent to which they could reasonably be accepted as consistent with the objective medical evidence and other evidence of record. *See generally* 20 C.F.R. § 404.1529; Soc. Sec. Ruling 16-3p, 2017 WL 5180304 (revised Oct. 25, 2017). The ALJ also considered and articulated how persuasive he found the medical opinions and prior administrative medical findings of record. *See generally* 20 C.F.R. § 404.1520c.

At step four, based on this RFC and on testimony by the vocational expert, the ALJ concluded that, through his date last insured, West was able to perform his past relevant work as a custodian/cleaner (DOT # 381.687-018), as actually and generally performed. Based on this finding, the ALJ concluded that West was not disabled for Social Security

purposes.[1]

The plaintiff sought further administrative review of his claims by the Appeals Council, but his request was denied on June 10, 2021, making the ALJ's November 2020 decision the final decision of the Commissioner subject to judicial review by this court.

The plaintiff timely filed her complaint in this court on August 3, 2021. The Commissioner has filed an answer to the complaint, together with a certified copy of the administrative record. Both parties have filed their briefs, and this matter is now ripe for decision.

## II. DISCUSSION

Under the Social Security Act, the question before this court is not whether the claimant is disabled, but whether the Commissioner's finding that he or she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See*

---

[1] Although the ALJ found West not disabled at step four, he also recorded an alternative finding that West was capable of performing other work that exists in significant numbers in the national economy, which would in turn dictate a not-disabled finding at step five. Based on West's age, education, work experience, and RFC, and based on testimony by the vocational expert, the ALJ concluded that West was capable of performing the requirements of representative occupations such as laundry folder (DOT # 369.687-018), patient transport (DOT # 355.677-014), or kitchen helper (DOT # 318.687-010).

*generally* 42 U.S.C. § 405(g)(sentence five); *Myers*, 373 F. Supp. 3d at 533 (describing standard of judicial review for social security disability insurance benefits and supplemental security income administrative decisions).

The plaintiff contends that the ALJ's decision is not supported by substantial evidence because: (1) the ALJ failed to provide a copy of West's medical file to David Evans, D.O., a medical expert or consultative examining optometrist, as required by the agency's Hearings, Appeals, and Litigation Law manual ("HALLEX"); (2) the ALJ failed to resolve a conflict between the vocational expert's testimony and the Dictionary of Occupational Titles; and (3) West was deprived of a constitutionally valid administrative adjudicatory process because statutory removal protections afforded to the Commissioner violate the separation of powers.

Finding the first issue dispositive of this appeal and remanding the case to the agency to properly address the ALJ's duty to fully develop the record with respect to the plaintiff's visual impairment under listings 2.03 and 2.04, we do not reach the other issues. "A remand may produce different results on plaintiff's application, making discussion of the

remaining claims moot." *Upshur v. Colvin*, 200 F. Supp. 3d 503, 513 n.3 (E.D. Pa. 2016).

At the plaintiff's administrative hearing on January 31, 2020, his attorney argued that he met or medically equaled the severity of listings 2.03 or 2.04. West's counsel directed the ALJ's attention to a visual field testing report produced by West's treating optometrist based on testing conducted on December 26, 2018, shortly after West's date last insured. (*See* Tr. 349–50.) Counsel attempted to walk the ALJ through the report and the listing criteria, but the ALJ concluded that the assistance of a medical expert would be necessary. The hearing was continued. (Tr. 137–44.)

Rather than retain a medical expert to interpret the existing test results, the ALJ ordered a consultative examination. On March 12, 2020, West was seen and examined by a consultative examining optometrist, David Evans, D.O., who conducted his own visual field testing. But the visual field testing results were deemed unreliable due to poor fixation, caused by West's nystagmus.[2] (Tr. 402–12.)

---

[2] We note that the visual field testing report by the plaintiff's treating optometrist in December 2018 documented *zero* fixation losses. (*See* Tr. 349–50.)

A supplemental hearing was held on November 3, 2020, before the same ALJ. Dr. Evans appeared and testified in response to questioning by the ALJ that, due to the unreliable test results, he was unable to ascertain whether West's visual impairment met or medically equaled listings 2.03 or 2.04. (Tr. 35–41.) Counsel for the plaintiff questioned Dr. Evans as well, but when he attempted to ask Dr. Evans for his impression of prior medical findings and test results—presumably, the December 2018 visual field testing results that were not plagued by fixation losses—the ALJ interrupted, advised counsel that prior medical records were *not* provided to Dr. Evans, and instructed counsel to limit his questioning to Dr. Evans's consultative examination report only. (Tr. 44–45.)

The plaintiff contends that the ALJ erred in soliciting and accepting the medical findings, opinions, and testimony of Dr. Evans without providing him with West's prior medical records. The plaintiff relies on two HALLEX provisions that require the ALJ to provide a consultative examiner or a medical expert with all relevant medical records. *See* HALLEX I-2-5-20(A)(3) ("When requesting a CE, the ALJ or HO staff should provide the State agency with . . . [a] medical exhibits folder which contains evidence relating to the type of examination ordered with

instructions for the State agency to send the folder to the consultative examiner for review."); HALLEX I-2-5-38(B)(3) ("The ALJ will provide an ME with any relevant evidence that the ME will need to formulate and provide an opinion. Additionally, the ALJ must ensure the ME receives information necessary for a full and complete record."). The plaintiff argues that, under these HALLEX provisions, the ALJ was obligated to furnish Dr. Evans with West's prior medical records, including the December 2018 visual field testing report in particular.

It is well established in this circuit "that manuals promulgating Social Security policy and operating instructions, such as HALLEX, 'do not have the force of law.'" *Muhammad v. Astrue*, Civil Action No. 08-278, 2009 WL 4937805, at *11 (W.D. Pa. Dec. 15, 2009) (quoting *Edelman v. Comm'r of Soc. Sec.*, 83 F.3d 68, 71 n.2 (3d Cir. 1996)). But while a violation of the HALLEX may not provide a basis for reversal, within the plaintiff's HALLEX argument is a contention that the ALJ failed to satisfy his duty to fully and fairly develop the record.[3] *See Ventura v. Shalala*, 55 F.3d 900, 902 (3d Cir. 1995) ("ALJs have a duty to develop a

---

[3] "A reviewing court may *sua sponte* address issues in social security cases." *Sparaney v. Kijakazi*, Civil Action No. 3:20-cv-02054, 2022 WL 969619, at *9 n.9 (M.D. Pa. Mar. 30, 2022) (brackets omitted).

full and fair record in social security cases."). This duty applies regardless of whether a claimant is pro se or represented because of the non-adversarial nature of Social Security disability benefit proceedings. *See Boone v. Barnhart*, 353 F.3d 203, 208 n.11 (3d Cir. 2003) ("In Social Security cases, the ALJ has a special duty to develop the record fully and fairly to ensure that the claimant's interests are considered, even when the claimant is represented by counsel.") (quoting *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001)). In the present context, the ALJ's failure to provide Dr. Evans with relevant prior medical records is particularly glaring in light of the express regulatory requirement that a consultative examiner's report should address the claimant's medical history, among other things. *See* 20 C.F.R. § 404.1519n(b).

Moreover, a claimant has a right to cross-examine the author of a consultative physician's report, which in this case should have included an opportunity for counsel to ask Dr. Evans for his interpretation of West's previous, apparently more reliable visual field testing results. *See Wallace v. Bowen*, 869 F.2d 187, 194 (3d Cir. 1989).

We pause also to note the clear prejudice in this context. The assistance of Dr. Evans was obtained to address an evidentiary gap in

the record before the ALJ: the interpretation of objective medical evidence—visual field testing results—that required some specialized experience to fully understand. Dr. Evans conducted his own testing, but was unable to obtain valid results due to one of the plaintiff's medical conditions, nystagmus, which caused fixation losses during the automated testing process. Yet, despite the presence of apparently valid prior test results in the record, Dr. Evans was not permitted to review this evidence, and plaintiff's counsel was not permitted to question him about it.

We possess no expertise in medicine or optometry, but a close reading of the applicable regulations and the test report at issue suggest at least some potential that the plaintiff's visual impairment could indeed meet or medically equal one of the listings. The report itself indicates that it was produced on a Humphrey Field Analyzer (HFA) 24-2, which the regulations state may be used to satisfy the requirements of listing 2.03A. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 2.00A6c. While the results are beyond our layman's understanding of the visual field efficiency diagrams in these reports, they also appear to offer the potential to satisfy the requirements of listing 2.03C, 2.04A, or 2.04B. *See id.*

§ 2.00A7c; *id.* § 2.00A7d; *id.* § 2.00A8d.

Under the circumstances presented, we are unable to conclude that substantial evidence supports the ALJ's step-three evaluation of whether the plaintiff's visual impairments meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.

### III. CONCLUSION

Based on the foregoing, we conclude that the Commissioner's finding that West was not disabled is not supported by substantial evidence. Accordingly, the Commissioner's decision denying his application for disability insurance benefits will be vacated and the case will be remanded for further proceedings consistent with this opinion.

An appropriate Order follows.

Dated: March 31, 2023     ***s/Joseph F. Saporito, Jr.***
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge